[S. F. No. 15679. In Bank.—June 18, 1936.]

RAY L. RILEY, as Controller, etc., et al., Petitioners, v. CHARLES G. JOHNSON, as Treasurer, etc., Respondent.

U. S. Webb, Attorney-General, and Robert W. Harrison, Chief Deputy, for Petitioners.

Morrison, Hohfeld, Foerster, Shuman & Clark for Respondent.

WASTE, C. J.—The State Controller and William F. Peters pray for a writ of mandate directing the respondent, as State Treasurer, to register a warrant drawn by the Controller in favor of Peters, for an amount, stated therein, due and unpaid by the state to the payee named therein. The respondent demurs to the petition, and makes further return by way of answer presenting issues of law. He admits the due and legal execution, issuance and presentation of the warrant, and that the petitioner Peters is entitled to be paid by the state the amount of the warrant, but disputes the right of petitioners to have the warrant registered. Succinctly stated, the allegations, admissions and denials made by the parties establish the fact that the finances of the state of California have reached a point where warrants which are now being drawn by the State Controller upon the State Treasurer against the general fund, and

which are being registered by the Treasurer because there are no funds presently available for their payment, probably cannot and will not be paid during the present biennium which will end on June 30, 1937, because there will not be sufficient unappropriated money in the general fund to meet them until some time after that date, and when another biennium will have begun.

The State Treasurer therefore refuses to register the warrant on the ground that, since it cannot be paid during the present biennium, it does not constitute a legal obligation of the state of California, and consequently he has no authority under the law to register such an obligation. This contention cannot be approved. The answer is found in the decision of this court in *Riley* v. *Johnson,* 219 Cal. 513, [27 Pac. (2d) 760, 92 A. L. R. 1292]. In that case the court passed upon the validity of warrants issued and registered under the Act of 1933, chapter 605, although the warrants were not carried over until a succeeding biennium. Therefore, one of the questions now presented was not before the court in that case, but the considerations there had and the decision given on the other questions now raised were sufficiently in point to make the decision of persuasive force and conclusive here. We there held (p. 519) that the provisions of law requiring the warrants to be paid from the unapplied moneys in the general fund, as such moneys are received into such fund, constitute a legal appropriation of so much money as will be necessary to make payment of the amount of the warrants with interest. (Citing the earlier decisions of the court as authority.)

The further contention that the registration of the warrants, at a time when there are no unapplied moneys in the general fund to meet payment, amounts to the creation of an indebtedness in violation of article XVI, section 1, of the Constitution (relating to the creation of an indebtedness by the state), was also answered by our decision in *Riley* v. *Johnson* (*supra,* at p. 520). While some authority from other jurisdictions might lead to a different conclusion, in our decision we said: "It is well settled in this state that revenues may be appropriated in anticipation of their receipt just as effectually as when such revenues are physically in the treasury. The appropriation of such moneys and the issuance of warrants in anticipation of the receipt of rev-

enues in effect operates in the nature of a cash payment and, therefore, does not create an indebtedness or liability within the meaning of the debt limitation clause'' (citing earlier decisions of the court on the subject). On this phase of the case the Supreme Court of Iowa, in an exhaustive discussion and study of the question, reaches the same conclusion, and adds: ''Nor do we find the weight of authority otherwise.'' (*Rowley* v. *Clarke,* 162 Iowa, 732 [144 N. W. 908].) We are of the view that the decision in *Riley* v. *Johnson, supra,* sufficiently and definitely settles the foregoing two propositions advanced by the respondent Treasurer and other questions which might arise in considering this case.

There remains for our consideration only the additional fact that in this case the warrant will probably not be honored and paid during the present biennial period. Again, decisions from other jurisdictions, on their face, seem to sustain the position of the respondent; but on analysis they are found to have no bearing on our case. The Iowa decision rested on earlier decisions of the same court to the effect that succeeding legislatures may repeal appropriations made by former legislatures. That is not the law in this state. (*People* v. *Bond,* 10 Cal. 563, 571.) In *Riley* v. *Johnson, supra,* at page 521, we held that as ''the statute contains an appropriation from the unapplied moneys in the general fund of such amount as will be necessary to pay such registered warrants, with interest thereon, the legislature could not hereafter repeal or render ineffectual such appropriation as against warrant holders by repealing the appropriation act or by appropriating to other uses any part of such moneys as would otherwise accumulate in such fund and be applicable to the payment of such registered warrants''. *State* v. *Medbery,* 7 Ohio St. 522, was based on a provision of the state Constitution restricting appropriations to a period of two years. No such limitation confronts us here.

The legislature is vested by our Constitution with the burden and responsibility of making appropriations, and may do so in anticipation of the receipt of the revenues necessary to pay them. It has long been the accepted law in this jurisdiction that when the state, through its legislature, makes a legal appropriation of so much money as will be necessary to pay the warrants from the general

fund, as such moneys are received, the legislature cannot thereafter repeal or render ineffectual such appropriation as against the warrant holders. Therefore, the lapse of the present biennium presents an immaterial element for consideration in the case.

The objection is raised that a holding authorizing the registration of these warrants will permit the legislature at any session to exceed the amount of the budget for state expenditures adopted as required by the Constitution (art. IV, sec. 34). There is nothing in the point. The section provides, as it must, that other appropriation bills may be passed when "the budget bill has been finally enacted". (See *Railroad Com.* v. *Riley*, 192 Cal. 54, 57 [218 Pac. 415]. For an example of appropriations covering expenditures in more than one biennium, see Stats. 1931, chap. 472, p. 1033, and chap. 489, p. 1064.)

Let a peremptory writ of mandate issue, as prayed for by petitioners, directing the respondent State Treasurer to register the warrant.

Curtis, J., Shenk, J., Thompson, J., Langdon, J., and Seawell, J., concurred.